# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** David Brian Derringer v. Mick Chapel, et al.

**Case Number:** 04-01232

### Document Information

**Description:** Order Denying [23-1] Motion for relief from the Order of May 2, 2005 by David Brian Derringer .

**Received on:** 2006-01-31 09:39:04.000

**Date Filed:** 2006-01-31 00:00:00.000

**Date Entered On Docket:** 2006-01-31 00:00:00.000

### Filer Information

**Submitted By:** Ellen Snyder

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
    **David Brian Derringer,**
    Debtor.                                 No. 13-04-17330 MA

**David Derringer,**
    Plaintiff,
v.                                         Adv. No. 04-1232 M
**Mick Chapel, Jennifer Chapel
and Joseph Manges,**
    Defendants.

## ORDER DENYING MOTION FOR RELIEF FROM THE ORDER OF MAY 2, 2005

THIS MATTER is before the Court on the Motion for Relief From the Order of May 2, 2005 (the "Motion")[1] filed on May 23, 2005 by Plaintiff, David Derringer (the "Plaintiff"). The Motion seeks relief from the Order Granting In Part Defendants' Motion To Dismiss, And Denying Plaintiff's Motion For Summary Judgment (the "Order"). Having considered the Motion, the Order, the arguments of the parties, and the applicable law, the Court denies the Motion and in connection therewith finds:

Background

The Complaint in this proceeding alleges ten counts under the United States Constitution and federal and state statutes and asks, *inter alia*, that this Court award $2,000,000.00 in damages against Mick Chapel, Jennifer Chapel (the "Chapels") and Joseph Manges ("Manges") (together, "Defendants"). Defendants filed the Motion to Dismiss on January 5, 2005. On January 18, 2005,

---

[1] The complete title of the Motion is "Debtor David Derringer's Timely Motion for Relief From the Order of May 2, 2005; Granting In Part Defendant's Motion To Dismiss, and Denying Plaintiff's Motion For Summary Judgement and Request for Relief; Pursuant to F.R. Bankruptcy Procedure Rule 9024 and the F.R.Civ.P. Rules 60(b)(1)(3)(4)(6) in the Interest of Justice" (Doc. No. 23).

1

Plaintiff filed a Motion for Summary Judgment pursuant to Rule 56(c), Fed. R. Civ. P., made applicable in bankruptcy proceedings by Rule 7056, Fed. R. Bankr. P. After a hearing, the Court entered the Order granting the Defendants' Motion to Dismiss (Doc. No. 9) as to Counts 1 through 9 of the Complaint and denying Plaintiff's Summary Judgment Motion. Count 10 was found sufficient to support a cause of action for violation of the automatic stay in bankruptcy.

## The Motion

The Motion asks for relief from the Order under several subsections of Rule 60(b), Fed. R. Civ. P. made applicable to bankruptcy proceedings by Rule 9024, Fed. R. Bankr. P. The Motion invokes the following subsections of Rule 60(b) as the basis for setting aside the Order. Rule 60(b) provides,

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; . . . (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b)(1)(3)(4) and (6).

Relief under Rule 60(b) is discretionary with the court and is considered an extraordinary remedy that is granted only under certain limited circumstances. *In re Firrone*, 272 B.R. 213, 215 (Bankr. N.D. Ill. 2000).

Rule 60(b)(1).

First, Plaintiff argues that under Rule 60(b)(1) the Order should be set aside because the Court mistakenly concluded that Plaintiff could not obtain a default judgment against Defendant, Joseph Manges ("Manges"). Manges did not answer the Complaint but filed the Motion to Dismiss. In the

2

Order, the Court recognized that under Bankruptcy Rule 7012(a)(1), a motion to dismiss tolls the time for filing an answer; therefore, Manges was not required to answer until a ruling on the motion to dismiss. The Court did not mistakenly apply the unambiguous tolling provision of Rule 7012(a).

Next, Plaintiff argues that the Court misapplied the *Rooker-Feldman* doctrine to dismiss Counts 1-9. *See Facio v. Jones*, 929, F.2d 541, 543 (10th Cir. 1991)(stating that Supreme Court has made it clear that federal courts lack jurisdiction to review or reverse state court judgments). In the Order, the Court determined that Counts 1-9 alleged violations of the U.S. Constitution, and federal and state statutes arising from state court litigation between Plaintiff and the Chapels concerning water rights. Each of these Counts alleged that the Defendants violated Plaintiff's rights or misused the judicial system in obtaining the state court judgments and other relief against the Plaintiff. These Counts and their requested relief require the Court to the examine and reverse or override state court decisions; consequently, this Court has no jurisdiction over these Counts under the *Rooker-Feldman* doctrine. In the Motion, Plaintiff argues that he was not a party to the first proceeding in state court; and therefore, he cannot be bound by any of the decisions. Plaintiff argues that for this reason, the Court is not prevented by *Rooker-Feldman* from ruling that the state court judgments were invalid as to Plaintiff. The Court notes that Plaintiff has raised this argument in subsequent state and federal court proceedings and was denied relief. In a subsequent state court proceeding against Plaintiff for contempt, Plaintiff asserted that he was not a party to the water rights litigation and could not be held in contempt with respect to that decision. The state district court found in favor of the Chapels, upheld the permanent injunction against Plaintiff, awarded compensatory damages, punitive damages, costs and attorney's fees. Plaintiff cannot now come to this Court complaining that his rights are violated by enforcement of

the state court judgments. By attacking the validity of the state court proceedings, Plaintiff has attempted to collaterally attack the state court decisions and may not accomplish this in this Court. Plaintiff has failed to show that the *Rooker-Feldman* doctrine was incorrectly applied.

Rule 60(b)(3).

To obtain relief from an order pursuant to Rule 60(b)(3), a party must demonstrate that he has a meritorious claim or defense, but he was prevented from fully and fairly presenting his case because of the opposing party's fraud, misrepresentation, or misconduct. *In re Barr,* 183 B.R. 531, 539 (Bankr. N.D. Ill. 1995). "Rule 60(b)(3) should be wielded to protect the fairness of the proceedings, not necessarily the correctness of the end result." *Id.*

Plaintiff argues that the Order should be set aside because the dismissal of Counts 1-9 allows the Defendants to use the judgments and injunctions issued by the state court to deprive Plaintiff of his Constitutional rights, including his right to property, and allows Defendants to engage in malicious prosecution and other acts of "terrorism" against Plaintiff, his property and his business. Plaintiff alleges that this Court has entered into a conspiracy to defraud Plaintiff and the dismissal by the Court shows its intent to shield the Defendants from prosecution for depriving Plaintiff of his Constitutional and statutory rights. These bare assertions of misconduct by the Defendants and the Court have no factual or evidentiary support. *See Anderson v. Dept. of Health & Human Servs.*, 907 F.2d 936, 952 (10th Cir. 1990)(parties seeking relief under Rule 60(b)(3) must show fraud on the Court by clear and convincing evidence.) Plaintiff next argues that the Chapels committed perjury, which was "incessantly clear to Judge McFeeley in all pleadings . . ." However, Plaintiff fails to prove that perjury or false sworn statements were presented to this Court in the course of this adversary proceeding. More

4

importantly, the Court examined the Plaintiff's Complaint and ruled as a matter of law that the Court has no jurisdiction over Counts 1-9. Next, Plaintiff argues that the Court misused *Rooker-Feldman,* "in fraud to protect the [Defendants]." These unsupported assertions are insufficient to show that the Court or the Defendants engaged in fraud or other misconduct in connection with this adversary proceeding. Simply being dissatisfied with the outcome does not warrant relief under Rule 60(b)(3). *Barr*, 183 B.R. at 539. Finally, Plaintiff argues that in the Order the Court fictionally and fraudulently described the historical background of the water dispute in an effort to intentionally cloud the record and "protect the Chapels against the truth." Motion p. 17. Plaintiff argues that if the Court would have decided the Motion to Dismiss in recognition the true factual background of the water rights dispute, the Court would have allowed all Counts to remain. The historical background of the water rights dispute is irrelevant to the finding that Counts 1-9 were an attempt to obtain a review of the state court decision. Plaintiff has presented no basis reason for relief from the Order under rule 60(b)(3).

Rule 60(b)(4).

Rule 60(b)(4) allows the Court to relieve a party from a final order or judgment that is void. A judgment or order is "void only if the court that rendered it lacked jurisdiction of the subject matter or of the parties or it acted in a manner inconsistent with due process of law." *In re Tyler*, 285 B.R. 635, 642 (Bankr. W.D. Tex. 2002) (quoting, *Williams v. New Orleans Public Serv., Inc.*, 728 F.2d 730, 735. (5th Cir.1984)). Plaintiff argues that the fraud on the state court and on this Court committed by Defendants renders the Order void. Plaintiff presents no evidence other than his own statements in argument to support this assertion. Plaintiff also attempts to collaterally attack the state court decisions by rehashing the assertion that the state court proceeding was "jurisdictionally defective" because

5

Plaintiff was not a party to the original water rights action in state court. This is an impermissible collateral attack on the state court decision and not a reason to grant relief from the Order dismissing Counts 1-9.

Rule 60(b)(6).

This subsection allows a court to relieve a party from a judgment for "any other reason justifying relief from the operation of the judgment." Plaintiff argues that this Court is "embroiled" in a conspiracy with Defendants to aid and protect the Defendants with its misuse of the *Rooker-Feldman* doctrine to "dump the [Plaintiff] and assure the Chapels' fraud remain intact." Motion p. 22. Again, Plaintiff asks this Court to review the state court judgments and has stated no other reason justifying relief from the Order.

Plaintiff has repeatedly challenged the validity of the state court rulings in pleadings filed in the bankruptcy proceeding and in this adversary proceeding. Plaintiff was expressly warned that the Court "will not consider any further documents filed in connection with the [Plaintiff's] bankruptcy proceeding that raise the argument that the state court judgments which form the basis of the Chapels' claim are not valid." Order Denying Motion For Rehearing for a New Trial filed on December 7, 2005 (Doc. No. 332, No. 13-04-17330). This Motion was filed before this warning was issued; therefore, the Court considered Plaintiff's arguments in the Motion yet another time. However, the Court reminds Plaintiff that further attempts to argue the validity of the state court decisions in this Court will not be considered and may justify an award of sanctions.

IT IS HEREBY ORDERED that the Motion is DENIED.

MARK B. McFEELEY
UNITED STATES BANKRUPTCY JUDGE

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

David Brian Derringer
Plaintiff
Box 157
Quemado, NM 87829

Stephen CM Long
Attorney for Defendants
2501 Yale SE Ste 204
Albuquerque, NM 87106 -4357

Ellen C. Snyder
Law Clerk

7