UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/10/06. Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | David Brian Derringer v. Mick Chapel, et al. |
| **Case Number:** | 04-01232 |

### Document Information

| | |
|---|---|
| **Description:** | Memorandum Opinion re: [45-1] Motion For Summary Judgment by Joseph Manges, Jennifer Chapel, Mick Chapel. |
| **Received on:** | 2006-02-08 11:38:15.000 |
| **Date Filed:** | 2006-02-08 00:00:00.000 |
| **Date Entered On Docket:** | 2006-02-08 00:00:00.000 |

### Filer Information

| | |
|---|---|
| **Submitted By:** | Ellen Snyder |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
    **David Brian Derringer,**
    **Debtor.**      No. 13-04-17330 MA

**David Derringer,**
    **Plaintiff,**

v.      Adv. No. 04-1232 M

**Mick Chapel, Jennifer Chapel
and Joseph Manges,**
    **Defendants.**

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Defendants' Motion for Summary Judgment (the "Motion") filed on August 29, 2005 asking the Court to grant summary judgment on Count 10, the remaining count of the Complaint, which alleges that Defendants violated the automatic stay in this bankruptcy proceeding. Plaintiff, *pro se*, filed a Response (the "Response"). Defendants, Mick and Jennifer Chapel (the "Chapels"), own real property adjacent to Plaintiff's real property in Catron County, New Mexico. Defendant Joseph Manges ("Manges") is the Chapels' attorney.

On November 26, 2004 Plaintiff filed this adversary proceeding making numerous allegations against Defendants. Count 10 of the Complaint alleges that Defendants violated the automatic stay by the following actions: 1) attempting to enforce the Chapels' judgment lien against Plaintiff's property; 2) stealing water from Plaintiff's land thereby forcing Plaintiff to file bankruptcy; 3) killing Plaintiff's animals; 4) terrorizing clients of Plaintiff's outfitter business; and 5) ruining Plaintiff's marriage. Complaint ¶¶ 140-47.

1

Having considered the Motion, the Response, the arguments and the applicable law, the Court grants the Motion and in connection therewith finds the following undisputed facts:

1. Plaintiff filed this Chapter 13 bankruptcy proceeding on October 6, 2004.

2. The Chapels are creditors with a judgment entered on May 17, 1996 in the lawsuit *Mick C. Chapel and Jennifer Chapel v. Susan M. Nevitt and Norma J. Nevitt*, No. CV 94-10, Seventh Judicial District Court, Catron County, New Mexico (the "State Court Case") holding that the Chapels are entitled to a prior appropriation of water from Harris Creek and permanently enjoining the defendants [Susan Nevitt and Norma Nevitt], adjacent landowners of the Chapels, and their successors and assigns from interfering with the Chapels' water rights. Exhibit 6 to Defendants' Motion to Dismiss (Doc. No. 10).

3. After a motion to enforce the judgment, Plaintiff was allowed to intervene as a defendant in the State Court Case. On September 24, 2001 a Final Judgment and Injunction was entered against Susan M. Nevitt, Norma Nevitt and Plaintiff in the amount of $1,000.00 compensatory damages and $10,000.00 punitive damages for interference with the Chapels' water rights. The state court ordered the Nevitts and Plaintiff to remove any impoundment or obstruction of Harris Creek on their property and prohibited them from diverting, using or appropriating any water from Harris Creek until the Chapels received their water appropriation in accordance with the May 17, 1996 judgment. Exhibit 7 to Defendants' Motion to Dismiss (Doc. No. 10).

4. In the bankruptcy proceeding, on February 2, 2005, the Court entered an Order, Doc. No. 121 (the "First Stay Order"), which held that the Chapels and Manges did not violate the automatic stay when on October 7, 2004, one day before the notice of bankruptcy was sent to all creditors,

2

Manges mailed an Amended Notice of Sale to the Seventh Judicial District Court for filing in Case No. D-0728-CV-2002019, an action to enforce the judgment against Plaintiff. The Court held that the Chapels and Manges were also not liable for a violation of the stay when the clerk of the Seventh Judicial District Court filed the Amended Notice of Sale on October 12, 2004.

    4. In the bankruptcy proceeding, on August 11, 2005, the Court entered an Order, Doc. No. 246 (the "Second Stay Order") in which the Court found that Defendants violated the stay by mailing a Notice of Foreclosure Sale to the state court after the Court granted the Chapels stay relief, but before the expiration of the 10 day time period set forth in Rule 4001(c), Fed. R. Bankr. P., which stays the execution of an order lifting the stay until 10 days after entry.

## Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(made applicable to bankruptcy proceedings by Rule 7056, Fed. R. Bankr. P.) The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be met by showing that there is a lack of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."

3

*Id.;* Rule 7056(e), Fed. R. Bankr. P.

When a bankruptcy proceeding is filed, the automatic stay prohibits the continuance of a judicial action against the debtor, the enforcement of a judgment against the debtor, any act to obtain possession of bankruptcy estate property or to enforce a lien against bankruptcy estate property, and any act to collect a pre-petition claim against the debtor. 11 U.S.C. § 362(a)(1)-(6). Any individual injured by any willful violation of the stay shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. 11 U.S.C. § 362(h). The debtor bears the burden of showing a willful violation of the stay by clear and convincing evidence. *In re Georgetown Steel Co., LLC,* 318 B.R. 313, 334 (Bankr. S.C. 2004). A stay violation is willful if a party knew of the existence of the automatic stay and intended the actions that violated the stay. *In re Diviney*, 225 B.R. 762, 774 (10th Cir. BAP 1998).

Defendants argue that the allegations in Count 10 that they attempted to exercise their judgment in violation of the stay have been brought before the Court and cannot be brought again in this adversary proceeding. The Court agrees. In the First and Second Stay Orders, the Court ruled on the alleged stay violations concerning the attempts by Defendants to enforce their judgment against Plaintiff; therefore, Plaintiff is precluded from re-litigating those allegations. *Copeland v. Merrill Lynch & Co., Inc.*, 47 F.3d 1415, 1423 (5th Cir. 1995)(". . . once a court of competent jurisdiction decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case."); *see also, Cohen v. Bucci*, 905 F.2d 1111, 1112 (7th Cir. 1990)(discussing "law of the case" doctrine and stating that adversary proceedings in bankruptcy are not distinct pieces of litigation but are components of a single bankruptcy case). Therefore, the Court will grant summary judgment in favor of

4

Defendants as to the allegations that Defendants violated the stay by attempting to hold an auction or to enforce their judgment by judicial foreclosure against the Plaintiff's real property.

Next, each Defendant presents an affidavit denying the remaining allegations in Count 10 that Defendants stole water from Plaintiff's land thereby forcing Plaintiff to file bankruptcy; killed Plaintiff's animals; terrorized Plaintiff's clients; and ruined Plaintiff's marriage. First, Manges states that since he received notice of Plaintiff's bankruptcy filing, which was sent by the Court on October 8, 2004, he has not entered, damaged, taken or destroyed any of Plaintiff's personal or real property. Affidavit of Joseph E. Manges ("Manges Affidavit") Exhibit C to Motion at ¶ 2. Manges further states that he did not physically enter Catron County, New Mexico in 2004 or in 2005. Manges Affidavit ¶ 3. Mick and Jennifer Chapel state that since they received notice of Defendant's bankruptcy, they have not entered, damaged, taken or destroyed any of Defendants' personal or real property. Affidavit of Mick Chapel ("Mick Chapel Affidavit"), Exhibit A to Motion at ¶ 2; Affidavit of Jennifer Chapel ("Jennifer Chapel Affidavit"), Exhibit B to Motion at ¶ 2.

In his Response, Plaintiff argues that Manges is in default for having failed to timely answer the complaint. However, as the Court determined in previous orders, pursuant to Rule 7012(1)(a), Fed. R. Bankr. P., the Defendants' Motion to Dismiss, filed within the time to file an answer to the complaint, tolled the time to file an answer. Moreover, the Defendants filed an answer to the complaint after the Court ruled on the Motion to Dismiss. Plaintiff's attempt, yet another time, to acquire a default judgment is denied.[1]

---

[1] Prior to filing the Motion to Dismiss, Defendants filed a Motion to Strike Complaint under Rule 7012(b)(f), which the Court has not addressed. By this order granting Defendants' Motion for

5

Next, Plaintiff argues that Defendants' affidavits are false and are an attempt to defraud the Court.  Response pp. 1-2.  This argument, without evidentiary support, is insufficient to create a fact issue on the allegations of Count 10.  The Response also contains numerous bare assertions that Defendants trespassed on Plaintiff's land, committed violence against animals and people on Plaintiff's property and numerous other acts of harassment; however, Plaintiff presents no affidavit testimony, or other relevant, admissible evidence to show that Defendants engaged in these acts.  Plaintiff presents photographs of Plaintiff's land and animals taken in 2004 and an affidavit of Katherine Grave stating that she observed and photographed Plaintiff's real property in Catron County on a visit in the summer of 2004, at least two months prior to the filing of the bankruptcy.[2]  Plaintiff has failed to refute the testimony of the Defendants that after the bankruptcy petition was filed, they did not enter, damage, take or destroy any of Plaintiff's personal or real property.  The Plaintiff's Response to the Motion consists of argument and allegations by Plaintiff with exhibits that do not support allegations that Defendants violated the stay.  "Conclusory allegations, general denials, or mere argument of an opposing party's case cannot be utilized to avoid summary judgment." *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 834 (10th Cir. 1986); *see also, Overton v. U.S.,* 925 F.2d 1282, 1285 (10th Cir. 1991)(construing a *pro se* litigant's pleadings broadly, but granting summary judgment against a *pro se* litigant who failed to submit any evidence that would create a fact issue precluding

---

Summary Judgment, the Motion to Strike Complaint is rendered moot.

[2] The only other attachment to Plaintiff's Response is a copy of a regulation concerning proper altitudes for aircraft flying over congested, non-congested areas, and all other areas.  Response, Exhibit 1.  Plaintiff alleges that the Chapels flew over his property at an illegal low altitude thereby trespassing on his property.  Presumably, this exhibit was intended to support the allegation but fails to prove that the Chapels actually flew over Plaintiff's land.

6

summary judgment).

Because the Defendants' have presented testimony refuting Plaintiff's remaining claims of stay violation, and Plaintiff has failed to present evidence to the contrary, the Court grants the Defendants' Motion for Summary Judgment and dismisses the remaining count of the complaint with prejudice. In light of this determination, any other motions pending in this adversary proceeding are moot. A appropriate judgment will be entered in accordance with this opinion, which shall constitute the Court's findings of fact and conclusions of law. Rule 7052, Fed. R. Bankr. P.

_____
MARK B. McFEELEY
UNITED STATES BANKRUPTCY JUDGE

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

David B. Derringer
Plaintiff, *pro se*
P.O. Box 157
Quemado, NM 87829

Stephen C. M. Long
Attorney for Defendants
2501 Yale SE, #204
Albuquerque, NM 87106-4357

_____
Ellen C. Snyder
Law Clerk

7